UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL JERMAINE JACKSON, | ) | CASE NO.: 1:22-CV-01789 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by Plaintiff Michael Jackson to the Report and Recommendation ("R&R") of the Magistrate Judge. On August 14, 2023, the Magistrate Judge issued his R&R in this matter recommending that the Court affirm the Commissioner. On August 28, 2023, Jackson objected to the R&R. On September 11, 2023, the Commissioner responded to the objections. The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the

1

Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

Jackson contends that the ALJ erred in evaluating the opinion of a treating physician, Dr. Angel. Doc. 12, p. 2. This objection is the same assignment of error that Plaintiff set forth before the Magistrate Judge. Regarding Dr. Angel's opinion, the R&R set forth the following excerpt from the ALJ's decision:

> On August 25, 2020, Dr. Angel completed a form about the claimant's physical capabilities. Dr. Angel provided diagnoses of ischemic cardiomyopathy, STEMI, coronary artery disease, stent in LAD, and hypertension. Dr. Angel expressed the following medical opinion: the claimant's symptoms associated with his impairments are severe enough to "constantly" interfere with attention and concentration required to perform simple work-related tasks; cardiac medications "may" cause dizziness and drowsiness; he would need to recline or lie down during the workday in excess of typical breaks/lunch due to fatigue (hourly for 15 to 30 minutes); he can sit for 1 hour of an 8-hour workday and cannot walk or stand; he can occasionally lift/carry 10 pounds; he can use his hands, fingers, and arms only 10% of an 8-hour workday because he fatigues easily; and he will likely be absent from work more than four times a month due to impairments or treatments (2F/3-4).
> Dr. Angel's medical opinion is not persuasive because such severe and extreme limitations are not supported by the treatment note dated August 24, 2020. Although the claimant endorsed impaired exercise tolerance, he denied fatigue and he appeared healthy and alert. Furthermore, the physical examination was unremarkable (see above). Dr. Angel's medical opinion is not persuasive because such severe and extreme limitations are not consistent with the limited course of treatment.

Doc. 11, p. 13-14.

The R&R then goes through a five (5) page analysis of the ALJ's supportability and consistency analysis. In his objection, Jackson contends that the R&R is in error because, "[t]he Magistrate Judge relied upon the ALJ's summary of evidence elsewhere in the decision as a basis to support a finding that the opinion of Dr. Ange[l] was properly evaluated." In other words, Jackson does not contest that the ALJ explained his reasoning for evaluating Dr. Angel's opinion,

2

but rather he objects to WHERE this explanation was located. Jackson explains that he "objects to the Magistrate' Judge's finding because it does not appear from other cases within this Court and the Sixth Circuit that a summary of evidence found elsewhere in the decision would be a legally adequate explanation to reject opinion evidence based upon the regulations." Doc. 12, p. 3. The Court overrules Plaintiff's objection.

It is clear from the excerpt above that the ALJ explained his consideration of the supportability and consistency factors as required by 20 C.F.R. §416.920c(b)(2). It is unclear why Plaintiff believes that this excerpt somehow does not count because it was not located where Plaintiff believed it should be. Again, Jackson raises no issue on objection as to the substance of the ALJ's summary. Accordingly, the Court concludes that the R&R did not err.

For these reasons, Jackson's objections are OVERRULED. This R&R is ADOPTED IN WHOLE. The decision of the Commissioner is hereby AFFIRMED.


Dated: November 9, 2023              /s/ John R. Adams
                                     JUDGE JOHN R. ADAMS
                                     UNITED STATES DISTRICT JUDGE

3